UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| MICHAEL D. BROWN AND TRACY M. BROWN, | : | |
| DEBTORS. | : | BANKRUPTCY NO. 15-16854-MDC |
| | | |
| TOTALFACILITY, INC., | : | |
| PLAINTIFF, | : | |
| V. | : | ADVERSARY NO. 15-00517-MDC |
| MICHAEL D. BROWN AND TRACY M. BROWN, | : | |
| DEFENDANTS. | : | |

# **MEMORANDUM**

**INTRODUCTION**

      Before this Court for consideration is the Motion to Dismiss (the "Motion") filed by Michael D. Brown and Tracey M. Brown (the "Debtors"). The Debtors seek the Court's dismissal of the First Amended Complaint (the "Amended Complaint") filed by TotalFacility, Inc. (the "Plaintiff" or "TotalFacility") requesting that the Court (1) find TotalFacility's alleged claims against the Debtors nondischargeable pursuant to §§523(a)(2)(A), 523(a)(4) or 523(a)(6); and (2) adjudicate and liquidate TotalFacility's state law causes of action against the Debtors.[1]

---

[1] The Amended Complaint contains nine counts. Counts one through three allege bankruptcy causes of action and include: (1) a request that TotalFacility's claim be declared nondischargeable pursuant to §523(a)(2)(A) for false pretenses, false representations and actual fraud (Count I); (2) a request that the Plaintiff's claim be declared nondischargeable pursuant to §523(a)(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, and larceny (Count II); (3) a request that the Plaintiff's claim be declared nondischargeable pursuant to §523(a)(6) as being the result of willful and malicious injury. In addition to the bankruptcy causes of action, counts four through nine allege the underlying basis for TotalFacility's claim against the Debtors and include: (1) a money judgment against Mr. Brown only based upon Mr. Brown's alleged liability for his breach of an employment agreement (Count IV); (2) a money judgment against Mr. Brown only based upon Mr. Brown's alleged liability for his breach of fiduciary duty and duty of loyalty (Count V); (3) a money judgment against Mr. Brown based upon Mr. Brown's alleged liability pursuant to a theory of unjust enrichment (Count VI); (4) a money judgment against the Debtors based upon their alleged liability for their tortious interference with the Plaintiff's contractual and business relationships (Count VII); (5) a money judgment against Mr. Brown only based upon Mr. Brown's alleged liability for civil fraud (Count VIII); and (6) a money judgment against the Debtors based upon their involvement in a civil conspiracy (Count IX). The Plaintiff's state law causes of action are identical to those causes of action asserted by the Plaintiff against the Debtors in the State Court Action. In its prayer for relief, the Plaintiff states that its total damages resulting from the Debtors' unlawful conduct include: (1) all

Pursuant to an Order dated March 3, 2016, this Court denied the Debtors request to dismiss Count I (nondischargeablility of debt under §523(a)(2)(A)) of the Amended Complaint and took under advisement (1) the Debtors' request to dismiss Counts II through IX for failure to state a claim, and (2) the Debtors' request to dismiss Counts IV through IX as barred by the gist of the action doctrine. The Court furthered ordered the parties to submit briefs on the issue of its jurisdiction to address TotalFacility's state law based claims.

After a hearing on the Motion and having fully considered the parties' pleadings, the various arguments made before this Court at the hearing and the parties' post-hearing briefs, the Court will:

1. With regard to Count II (nondischargeability pursuant to §523(a)(4)), **GRANT** the Motion with prejudice due to the failure of TotalFacility to allege that Mr. Brown was a fiduciary within the meaning of §523(a)(4).

2. With regard to Count III (nondischargeability pursuant to §523(a)(6)), **GRANT** the Motion without prejudice because TotalFacility has not included sufficient factual allegations to establish that the Debtors acted with actual malice. TotalFacility may further amend its complaint to address this deficiency.

3. With regard to Counts IV through IX (state law based claims), **DENY** the Motion because the Court has the authority to adjudicate in nondischargeability proceedings any state law causes of action that form the basis of TotalFacility's claims.

## FACTUAL BACKGROUND[2]

As alleged by TotalFacility, it is a Pennsylvania corporation that provides managed facility services to retail, commercial and industrial enterprises. To service its clients, TotalFacility hires contractors to provide services at its clients' buildings. From sometime in 2008 to June 20, 2014, TotalFacility employed Michael D. Brown ("Mr. Brown") as TotalFacility's Executive Vice President. In this capacity, Mr. Brown was responsible for assigning projects to TotalFacility's various contractors.

---

compensation paid to Mr. Brown during his employment as TotalFacility's Executive Vice President; (2) all consideration paid to the Debtors by third party contractors; (3) punitive damages; and (4) attorneys' fees.

[2] The facts are derived from the parties' pleadings and are taken in the light most favorable to the non-moving party.

Rather than assigning projects based on merit, Mr. Brown is alleged to have assigned projects to contractors who paid bribes to him and his wife. TotalFacility estimates that as a result of the alleged scheme, the Debtors were paid at least $750,000.00 in money, goods and services by TotalFacility's contractors. After the alleged scheme was discovered by TotalFacility's owners, Mr. Brown tendered his resignation. Shortly thereafter, TotalFacility filed on August 8, 2014, an action against the Debtors in the Court of Common Pleas of Chester County, Case No. 14-07665 (the "State Court Action").[3] As a result of the Debtors' filing of a petition dated September 22, 2015, for Chapter 7 bankruptcy relief, the State Court Action was stayed and remains pending.

**PROCEDURAL HISTORY**

On May 11, 2012, TotalFacility initiated this adversary proceeding seeking to have its claim, premised on various state law causes of action, declared nondischargeable. TotalFacility's alleged claim consists of potential damages resulting from the Debtors' unlawful receipt of at least $750,000.00 in money, goods and services provided to the Debtors in connection with an alleged commercial bribery scheme (the "Claim").

In response, the Debtors filed a Motion to Dismiss dated December 15, 2015. In response to the Debtors' original motion to dismiss, on December 20, 2015, TotalFacility filed the Amended Complaint. Thereafter, the Debtors filed the Motion.

On January 29, 2016, TotalFacility responded to the Motion by filing an Objection dated January 29, 2016 (the "Objection")[4], and a Memorandum in Opposition dated January 29, 2016 (the "TotalFacility's Memorandum")[5]. On February 9, 2016, this Court held a hearing to address the Motion (the "Hearing"). After considering the arguments of both parties, this Court issued an Order dated March

---

[3] TotalFacility's state law causes of action in this Court are identical to those causes of action asserted by it against the Debtors in the State Court Action. In its prayer for relief, TotalFacility states that its total damages resulting from the Debtors' unlawful conduct include: (1) all compensation paid to Mr. Brown during his employment as the Plaintiff's Executive Vice President; (2) all consideration paid to the Browns by third party contractors; (3) punitive damages; and (4) attorneys' fees.

[4] Docket No. 10.

[5] Docket No. 11.

3

3, 2016[6] ], denying the Debtors' request to dismiss Count I of the Amended Complaint. In addition, this Court took under advisement the Debtors' request to dismiss Counts II and III of the Amended Complaint and requested the parties submit briefs addressing this Court's jurisdiction to adjudicate TotalFacility's state law causes of action that form the basis of its Claim against the Debtors. Consistent with this Court's instruction, both parties filed their post-hearing briefs on March 11, 2016.

**LEGAL DISCUSSION**[7]

   I.   **Bankruptcy Subject Matter Jurisdiction**

As an initial matter, this Court must first consider whether TotalFacility's causes of action are within the Court's subject matter jurisdiction as defined by 28 U.S.C. §§157 and 1334. This Court has exclusive jurisdiction over all property of the debtor as of the commencement of the case, as well as property of the estate, regardless of where the property is located. 28 U.S.C. §1334(e). Pursuant to §157, this Court's jurisdiction is further divided between core and noncore matters. 28 U.S.C. §157(a); *In re Winstar Communications, Inc.*, 554 F.3d 382, 405 (3d Cir. 2009). In core proceedings, this Court is authorized to issue final judgments. In noncore proceedings and if the parties do not consent to the entry of a final judgment, a bankruptcy court must submit proposed findings of facts and conclusions of law to the district court for its review and issuance of a final judgment. 28 U.S.C. §157(c)(1); *Winstar*, 554 F.3d at 405. Traditionally, a proceeding was core if "it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Torkelsen v. Maggio (In re Guild and Gallery Plus, Inc.),* 72 F.3d 1171, 1178 (3d Cir. 1996); *see also Stoe v. Flaherty*, 436 F.3d 209, 211 (3d Cir. 2006); *Allen v. J.K. Harris & Co., LLC*, 331 B.R. 634, 640–41 (E.D. Pa. 2005). A proceeding seeking the nondischargeability of a creditor's claim is indubitably among those proceedings that can only arise in the context of a bankruptcy case. *In re Aslansan*, 490 B.R. 675, 680

---

[6] Docket No. 15.

[7] In addition to requesting that this Court declare its Claim nondischargeable, TotalFacility is also asking this Court to adjudicate and liquidate its state law causes of action against the Debtors. To address the Motion, this Court will first address its jurisdiction to address the various causes of action asserted by the Amended Complaint. Second, this Court will address whether the Debtors have adequately presented reasons for this Court to conclude that the allegations of the Amended Complaint are insufficient to support each cause of action.

(Bankr. E.D. Pa. 2013). For this reason, this Court has the authority to enter a final judgment adjudicating whether the Debtors are entitled to a discharge of TotalFacility's claim. However, this Court must still address whether it retains the authority to adjudicate the state law causes of action that underlie TotalFacility's Claim and that were previously asserted in the State Court Action.

As this Court has previously observed, this Court retains the authority to adjudicate in nondischargeability proceedings any state law causes of action that form the basis of a creditor's claim. *In re Skinner*, 519 B.R. 613, 618 (Bankr. E.D. Pa. 2014); *In re Wezner*, 470 B.R. 344, 350 n.6 (Bankr. E.D. Pa. 2012). However, this Court's authority to adjudicate TotalFacility's underlying causes of action is predicated upon TotalFacility's capacity to assert a nondischargeability cause of action against the Debtors. *In re Reinford*, Bky. No. 08-15120, 2011 WL 139207, *3 (Bankr. E.D. Pa. 2011) (dismissing state law causes of action after determining that the plaintiff's nondischargeability causes of action were time barred). As this Court has determined that TotalFacility's allegations are sufficient to support a finding of nondischargeability pursuant to §523(a)(2)(A), this Court may conclude that it may adjudicate TotalFacility's state law causes of action that form the basis of its Claim. Because TotalFacility's standing to assert its Claim is nondischargeable is dependent upon the merits of TotalFacility's underlying causes of action against the Debtors, this Court concludes that it has the authority to fully adjudicate whether TotalFacility is entitled to payment from the Debtors and in what amount.[8]

## II.    Sufficiency of the Complaint

As acknowledged by this Court at the February 9th hearing on the Motion and its subsequent Order, this Court has determined that the Amended Complaint is sufficient with regard to Count I. Therefore, this Court is left with the task of addressing the sufficiency of TotalFacility's §§523(4) and 523(a)(6) causes of action. Applying the standard enunciated by *Iqbal*, the Third Circuit explained that its

---

[8] In reaching this conclusion, this Court expressly notes that it has not decided the issue of whether it is the proper forum for the adjudication of the TotalFacility's state law causes of action. The issue of commercial bribery is outside the core competency of this Court and implicates matters in which the Commonwealth of Pennsylvania retains a significant state interest. Because of the pendency of the State Court Action, this Court acknowledges that it may be appropriate for this Court to abstain from adjudicating TotalFacility's state law causes of action. *Compare In re Koperski*, 540 B.R. 394, 403-07 (Bankr. D. Minn. 2015) (explaining that the adjudication of damages resulting from tortious conduct is outside the core competence of a bankruptcy judge) *with In re Wade*, 500 B.R. 896, 909 (Bankr. W.D. Tenn. 2013) (finding settled nature of applicable state law did not warrant permissive abstention).

courts should conduct a two-part analysis to determine whether a claim survives a Rule 12(b)(6) motion. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, this Court must distinguish between the factual and legal elements of the claim. Second, this Court must determine whether based upon the facts alleged the plaintiff has a plausible claim for relief. *Fowler*, 578 F.3d at 210 (*quoting Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)).

  A.  **Facial Plausibility**

  To prevent dismissal for reasons of factual insufficiency, "all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible." *Fowler*, 578 F.3d at 210. As required by Rule 8(a)(2), a valid complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

  To determine whether a claim is facially plausible, this Court may only consider the facts alleged by the Complaint and its attachments, *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994), as well as any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). In identifying the facts alleged by a complaint, this Court must distinguish between (1) well-plead allegations and (2) mere conclusory allegations. With regard to the former, this Court must accept as true all well-plead allegations and construe all reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *Iqbal*, 129 S.Ct. 1937; *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Jordan*, 20 F.3d at 1261; Ro*gin v. Bensalem Township*, 616 F.2d 680, 685 (3d Cir. 1980). With regard to the latter, this Court must disregard and afford no weight to "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Fowler*, 578 F.3d at 210. As elaborated by the Supreme Court:

6

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 129 S.Ct. at 1949 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) (internal citations omitted)).

In performing this analysis, this Court must limit its consideration to the issues identified by the party moving for dismissal. This Court must limit its consideration to the matters raised by the Debtors. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) ("The defendant bears the burden of showing that no claim has been presented.").

### B. Dismissal Without Prejudice

If this Court finds that the allegations supporting a claim are insufficient, this Court must next decide whether that insufficiency may be cured by the inclusion of additional pleadings. If so, this Court must permit a plaintiff to file a curative amendment. *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). In evaluating the possibility of curative amendment, this Court must be aware of its role as an impartial decision maker and do its best to refrain from advising a litigant as to how any defects may be cured. *Pliler v. Ford*, 542 U.S. 225, 231 (2004) (advice "would undermine district judges' role as impartial decision makers"). However, if this Court finds that amendment would be futile, this Court may dismiss a claim with prejudice.

### III. Nondischargeability Resulting from Fraud or Defalcation, §523(a)(4)

Pursuant to §523(a)(4), a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" is excepted from discharge. 11 U.S.C. §523(a)(4). TotalFacility asserts claims under the first prong of §523(a)(4). "Defalcation" refers to the failure to account for or the misappropriation of funds entrusted to a fiduciary. *LL Lifestyle, Inc. v. Vidal (In re Vidal)*, Adv. No. 10-335, 2012 WL 3907847, *23-24 (Bankr. E.D. Pa. Sep. 6, 2012) ("to be acting in a fiduciary capacity for

purposes of the fraud or defalcation exception to discharge, the debtor must have been entrusted with the money or property on which the debt at issue was based."); *Graves v. James (In re James)*, 94 B.R. 350, 353 (Bankr. E.D. Pa. 1988) ("Defalcation has been defined as the failure by a trustee to properly account for the funds entrusted to him.").

For purposes of §523(a)(4), the definition of "fiduciary" is a question of federal law and the scope of persons who may be considered fiduciaries is narrower than the scope provided under state or common law. *In re Vidal*, Adv. No. 10-335, 2012 WL 3907847, *22 (the fact that a fiduciary relationship exists under state law does not necessitate such a finding under section 523(a)(4)"); *In re Masdea*, 307 B.R. 466, 472 (Bankr. W.D. Pa. 2004) ("The concept of a fiduciary is narrower in a bankruptcy context than it is under the common law."); *In re Zoldan*, 221 B.R. 79, 87 (Bankr. S.D.N.Y. 1998) ("The concept of fiduciary under Section 523(a)(4)… is far narrower in scope than under state law.").

The majority of bankruptcy courts do not hold that a partner or other corporate officer is a fiduciary for purposes of §523(a)(4). *Villas at Bailey Springs Homeowners Ass'n v. LaRicci*, Civ. No. 10-1952, 2011 WL 4591962, *2 (M.D. Pa. Sept. 30, 2011) (collecting cases). Absent a relationship that includes trust-like characteristics, courts refuse to hold that the duties of good-faith, loyalty, and fair dealing imposed on corporate officers and directors under Pennsylvania law are sufficient to establish a "technical trust" under §523(a)(4). *Villas at Bailey Springs Homeowners Ass'n*, Civ. No. 10-1952, 2011 WL 4591962, *2 (holding that duties imposed upon corporate officers are insufficient to show officers "act in a trust-like fiduciary capacity under §523(a)(4)"); *In re Dawley*, 312 B.R. 765, 779 n.20 (Bankr. E.D. Pa. 2004) (distinguishing between statutory fiduciary duties imposed by statute upon corporate officer from "the trust-like duties that evidence a technical trust"). Some allegation that the relationship contained some trust-like features is necessary to establish that a debtor is a fiduciary for purposes of §523(a)(4) by operation of a technical trust. *Dawley*, 325 B.R. at 778. Whether an express trust or technical trust exists is determined according to applicable state law. *Dawley*, 325 B.R. at777.

TotalFacility alleges that Mr. Brown was a fiduciary of TotalFacility as a result of his status as an officer of TotalFacility. Complaint, ¶49. The Complaint does not contain any allegation as to the

8

existence of an express or technical trust. Because the Complaint fails to allege any trust-like features, such as an identifiable *res*, TotalFacility has failed to state a plausible a §523(a)(4) cause of action. Moreover, TotalFacility's allegations are inconsistent with any theory that the Debtors' allegedly unlawful conduct relates to the existence of an express or technical trust. For this reason, this Court concludes that TotalFacility will not be able to cure the insufficiencies of its §523(a)(4) cause of action through further amendment of its complaint and this cause of action must be dismissed with prejudice.

## IV. Nondischargeability Resulting from Willful or Malicious Injury, §523(a)(6)

To state a claim pursuant to §523(a)(6), the Complaint must include allegations that would establish the following elements: (1) wrongful conduct, (2) done intentionally, (3) with the knowledge substantial certainty that its conduct would produce injury, and (4) performed without just cause or excuse. *The Sherwin Williams Co. v. Grasso (In re Grasso)*, 497 B.R. 434 (Bankr. E.D. Pa. 2013*); In re Vepuri*, 2009 WL 2921305, at *8 (Bankr. E.D. Pa. 2009). As this Court has previously elaborated:

> In determining whether a creditor has met its burden under §523(a)(6), courts recognize that the terms "willful" and "malicious" are separate elements that must each be proven. With regard to willfulness, the Movant must identify facts that demonstrate that the Debtor acted deliberately. With regard to malice, the Movant's burden is two-fold. The Movant must identify facts that demonstrate that the Debtor knew with substantial certainty that its conduct would produce injury and was done without just cause or excuse.

*In re Grasso*, 497 B.R. at 445.

Here, TotalFacility alleges that Mr. Brown engaged in commercial bribery. While this Court acknowledges that some courts have determined that a debt resulting from a debtor's pre-petition participation in a commercial bribery scheme may be declared nondischargeable pursuant to §523(a)(6),[9] this Court must also acknowledge that the Amended Complaint does not contain any allegations that Mr. Brown acted maliciously. "To be malicious, the conduct must have been undertaken without just cause or excuse." *In re Grasso*, 497 B.R. at 446 (emphasis in original). As elaborated in *Sherwin Williams*, this Court explained that the malice requirement requires some proof that a debtor's conduct was "motivated

---

[9] *See, e.g., In re Nunley*, 237 B.R. 907, 913-14 (Bankr. N.D. Miss. 1999) (finding that collateral estoppel resulting from pre-petition bribery guilty plea established that judgment was nondischargeable pursuant to §523(a)(6)).

9

by some reason other than a debtor's personal financial interests." *In re Grasso*, 497 B.R. at 447. Because TotalFacility has not alleged that the Debtors were motivated by any desire to harm TotalFacility, TotalFacility has failed to state a §523(a)(6) cause of action. *See, e.g., In re Luppino*, 221 B.R. 693, 700 (Bankr. S.D.N.Y. 1998) ("Even if the receipt of commercial bribes and betrayal of state law duties of employee loyalty could be said to necessarily inflict economic damage on an employer..., the creditor must allege and prove additional, aggravating facts and circumstances sufficient to give rise to an inference of actual malice..."). However, this omission could be cured by amendment. For this reason, this Court will grant the Motion without prejudice with regard to Count III and TotalFacility will be provided an opportunity to file an amended pleading.

**V.    TotalFacility's Nonbankruptcy Causes of Action**

In addition to the nondischargeability causes of action pled in Counts I through III of the Complaint, the Complaint asserts several private law causes of action (Counts IV through IX) as a basis for the Debtors' liability to TotalFacility. The Debtors do not address these causes of action *in seriatim*. Rather, the Debtors argue the application of Pennsylvania's Gist of the Action Doctrine requires dismissal of the entirety of the non-bankruptcy causes of action. The Debtors raise no other basis for this Court to infer that TotalFacility's nonbankruptcy causes of action fail to state an actionable claim.

The Gist of the Action Doctrine bars tort claims that: (1) arise solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where the liability stems from a contract; or (4) where the tort essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of the contract. *eToll Inc. v. Elias/Savion Advertising Inc.*, 811 A.2d 10, 19 (Pa. Super. 2002).[10] As stated by the Third Circuit, a claimant should

---

[10] In the alternative to the test explained above, some Pennsylvania courts employ an alternative approach. Those courts employ a "misfeasance/nonfeasance test." *See, e.g., Yocca v. Pittsburgh Steelers Sports, Inc.*, 806 A.2d 936 (Pa. Cmmwlth. 2002). As explained in *Yocca*,

> If there is "misfeasance," there is an improper performance of the contract in the course of which the defendant breaches a duty imposed by law as a matter of social policy. In such instances, the "gist" of the plaintiff's action sounds in tort and the contract itself is collateral to the cause of action. On the other hand, if there is "nonfeasance," the wrong attributed to the defendant is solely a breach of the defendant's duty to perform under the terms of the contract. In such instances, the "gist" of the plaintiff's action sounds in contract, and the plaintiff would not have a cause of action but for the contract.

be barred from tort recovery "when the parties' obligations are defined by the terms of the contracts, and not by the larger social policies embodied by the law of torts." *Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc.*, 247 F.3d 79, 104 (3rd Cir. 2001).

The fact that the parties may be subject to a contractual relationship is not in and of itself sufficient to establish that a plaintiff's tort claims are barred. *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 69 (Pa. 2014) ("the mere existence of a contract between two parties does not, *ipso facto*, classify a claim by a contracting party for injury or loss suffered as the result of actions of the other party in performing the contract as one for breach of contract"). For tort liability to attach, a plaintiff must allege the existence of an independent, non-contractual obligation that was owed by the defendant. *Walsh v. Alarm Security Group, Inc.*, 95 Fed. Appx. 399, 402 (3d Cir. 2004) (*quoting Bala Corp. v. McGlinn*, 295 Pa. 74 (1929)); *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 618 (3d Cir. 1995) (stating the doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract"); *In re Computer Personalities Systems, Inc.*, Bky. No. 01-14231, 2003 WL 22844863, *7 (Bankr. E.D. Pa. Nov. 18, 2003) (finding "common law fraud claim clearly stems from Stockton's alleged reckless disregard of its duty to follow a standard of care as an accountant, a duty which is collateral to the contracts between the Debtor and Stockton and therefore brings the claim outside the gist of the action doctrine."). Accordingly, if the duties breached by a defendant flow from a contract and do not exist independently in law, a plaintiff's tort claims will be barred by the Gist of the Action Doctrine. *Caudill Seed and Warehouse Co., Inc. v. Prophet 21, Inc.*, 123 F.Supp.2d 826, 833 (E.D. Pa. 2000) ("if the claim essentially alleges a breach of duties that flow from an agreement between the parties, the claim is contractual in nature, whereas if the duties allegedly breached were of a type imposed on members of society as a matter of social policy, the claim is essentially tort-based."); *Bruno v. Erie Ins. Co.*, 106 A.3d 48 (Pa. 2014).

---

*Yocca.*, 806 A.2d at 944 rev'd on other grounds, 578 Pa. 479, 854 A.2d 425 (2004); *see also eToll, Inc. v. Elias/Savion Advertising, Inc.*, 811 A.2d 10, 14 (Pa. Super. 2002) ("Tort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual consensus agreements between particular individuals.").

Here, it is apparent that TotalFacility's various nonbankruptcy causes of action implicate a duty imposed by law and not contract, namely the duty not to engage in commercial bribery and to otherwise abstain from criminal conduct. *A & L Precision Products v. Alloy Bellows & Precision Welding, Inc.*, Civ. No. 07-0345, 2009 WL 2959608,*7 (W.D. Pa. Sept. 14, 2009) (recognizing that allegations implicating commercial bribery are "actionable in tort and outside Pennsylvania's gist of the action bar.").[11] The same is true of TotalFacility's fiduciary claims against Mr. Brown. *Alpart v. General Land Partners, Inc.*, 574 F.Supp.2d 491, 499 (E.D. Pa. 2008) ("claims for breach of fiduciary duty and breach of contract can coexist if the fiduciary duty is based on duties imposed as a matter of social policy and if the fiduciary duty is not based on a contractual agreement between the parties."). Accordingly, the Debtors' invocation of the Gist of the Action Doctrine is insufficient, especially at this stage in the proceedings,[12] to warrant dismissal of TotalFacility's non-bankruptcy claims. *See, e.g., Pratter v. Penn Treaty American Corp.*, 11 A.3d 550, 559-560 (Pa. Cmmwlth. 2010) (refusing to determine upon a motion to dismiss whether the plaintiff's tort remedies were barred by the Gist of the Action Doctrine). Construing the facts alleged in the light most favorable to TotalFacility, this Court must conclude that Counts IV through IX adequately allege that the Debtors breached an independent social duty and not a duty imposed by contract. *See, e.g., Kennedy v. Allstate Prop. & Cas. Ins. Co.*, Civ. No. 15-2221, 2015 WL 4111816, at *5 (E.D. Pa. July 8, 2015) (concluding that Gist of the Action Doctrine does not prevent plaintiffs from stating a negligence claim based on alleged misrepresentations because plaintiffs "alleged [a] breach of a general social duty").

---

[11] As provided by 18 Pa. C.S.A. §4108, Pennsylvania law criminalizes the receipt of any benefit by a commercial employee intended to influence the employee's conduct. Commercial bribery is a second degree misdemeanor and is punishable by up to two years of imprisonment. 18 Pa. C.S.A. §106(b)(7). In relevant part, the statute states:

> Corrupt employee, agent or fiduciary. An employee, agent or fiduciary commits a misdemeanor of the second degree when, without the consent of his employer or principal, he solicits, accepts, or agrees to accept any benefit from another person upon agreement or understanding that such benefit will influence his conduct in relation to the affairs of his employer or principal.

18 Pa. C.S.A. §4108(a).

[12] *See, e.g., Weber Display & Packaging v. Providence Washington Ins. Co.*, Civ. No. 02-7792, 2003 WL 329141, *4 (E.D. Pa. Feb. 10, 2003) ("Often times, without further evidence presented during discovery, the court cannot determine whether the gist of the claim is in contract or tort.").

**CONCLUSION**

As stated above, this Court will grant the Motion in part and deny it in part. TotalFacility has failed to plead the existence of an express or technical trust. Because this Court cannot conceive of any amendment that may cure this deficiency, this Court will grant the Motion with prejudice with regard to Count II of the Amended Complaint. Similarly, TotalFacility's allegation are presently insufficient to state a cause of action within the meaning of §523(a)(6). However, this Court cannot rule out the possibility that the absence of malice allegations may be cured by amendment. As a result, this Court will grant the Motion without prejudice with regard to Count III of the Amended Complaint. Finally, the Debtor's blanket assertion that TotalFacility's nonbankruptcy causes of action are barred by application of the Gist of the Action Doctrine is insufficient to warrant dismissal of Counts IV through IX.

An Order consistent with this Memorandum will be entered.

Dated: August 30, 2016

MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

John C. Kilgannon, Esquire
Stevens & Lee, P.C.
1818 Market Street, 29th Floor
Philadelphia, PA  19103

Jay G. Fischer, Esquire
342 Lancaster Avenue
Downingtown, PA  19334

Courtroom Deputy
Eileen Godfrey

13